IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John H. Garvin, | ) | Case No. 8:12-cv-01165-JMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Willie Eagleton, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 31.] Petitioner is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this petition for relief was referred to the undersigned magistrate judge.

## PROCEDURAL HISTORY

Petitioner, proceeding pro se, filed this Petition for writ of habeas corpus on April 30, 2012.[1] [Doc. 1.] Subsequently, Petitioner amended his Petition, adding grounds for relief [Doc. 21], and filed another document Petitioner captioned "Motion to Amend Issues on Writ of Habeas Corpus," which is Petitioner's brief to support the grounds added in the Amended Petition [Doc. 26]. On November 2, 2012, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 30, 31.] On November 5, 2012, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on April 30, 2012. [Doc. 1-2 (envelope postmarked April 30, 2012).]

consequences if he failed to adequately respond to the motion. [Doc. 32.] On November 26, 2012, Petitioner filed a response in opposition to the motion for summary judgment. [Doc. 34.] Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined at the Evans Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Newberry County Clerk of Court. [Doc. 1 at 1.] In February 2004, Petitioner was indicted for assault with intent to commit criminal sexual conduct with a minor and committing or attempting a lewd act upon a child under sixteen years of age. [App. 544–47.[2]] On February 23, 2004, represented by Cliff Scott, Petitioner proceeded to trial. [App. 1–482.] Petitioner was found guilty of both charges. [App. 474–76.] On February 28, 2004, Petitioner was sentenced to twenty years imprisonment for the assault with intent to commit criminal sexual conduct with a minor conviction and fifteen years imprisonment for the committing or attempting a lewd act upon a child under sixteen years of age conviction, with the sentences to run concurrently. [App. 480–81.]

**Direct Appeal**

Petitioner timely filed a notice of appeal. On July 17, 2006, Eleanor Duffy Cleary of the South Carolina Commission on Indigent Defense filed a brief on Petitioner's behalf, raising the following issue: "Did the trial court err in refusing to allow appellant to introduce

---

[2] The Appendix can be found at Docket Entry Numbers 30-1 through 30-5.

2

evidence of the minor victim's history of engaging in negative behavior to direct attention to himself and of opposing adult authority, where this evidence was relevant to show motive and to rebut the state's evidence that the victim passively succumbed to a sexual assault by an adult?." [Doc. 30-7 at 4.] The Court of Appeals affirmed Petitioner's convictions in an unpublished opinion that was submitted on November 1, 2006 and filed on November 28, 2006. [Doc. 30-10.] Petitioner did not seek rehearing, and remittitur was issued on December 15, 2006. [Doc. 30-11.]

**PCR Proceedings**

### *First PCR Application*

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on August 29, 2007. [App. 483–88.] As his ground for relief, Petitioner alleged ineffective assistance of trial counsel. [App. 484.] On April 2, 2008, a hearing was held on the application, and Petitioner was represented by Gwendlyne Y. Smalls ("Smalls"). [App. 493–535.] On May 12, 2008, the PCR court issued an order denying and dismissing the application with prejudice. [App. 536–43.] A notice of appeal was timely filed and served. [Doc. 30-12.]

On October 16, 2008, Robert M. Pachak of the South Carolina Commission on Indigent Defense filed a *Johnson* petition[3] for writ of certiorari on Petitioner's behalf in the South Carolina Supreme Court, arguing "[d]efense counsel was ineffective in failing to call witnesses." [Doc. 30-13.] On January 6, 2009, the case was transferred to the South

---

[3] A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

Carolina Court of Appeals. [Doc. 30-14.] The Court of Appeals denied certiorari on November 25, 2009. [Doc. 30-15.] Remittitur was issued on December 11, 2009. [Doc. 30-16.]

### Second PCR Application

On August 4, 2009, while his first PCR application was pending, Petitioner filed a second pro se PCR application. [Doc. 30-17.] As his grounds for relief, Petitioner alleged prosecutorial misconduct, ineffective assistance of trial counsel, and lack of subject matter jurisdiction. [*Id.* at 3.] The State moved to dismiss, arguing Petitioner's second PCR application was untimely and successive. [Doc. 30-18.] On November 2, 2009, the second PCR court issued a conditional order of dismissal, finding the application was successive and untimely and giving Petitioner twenty days to show why the order should not become final and the application should not be dismissed. [Doc. 30-19.] Petitioner responded, and the second PCR court issued a final order of dismissal on April 6, 2010, finding the application successive and untimely. [Doc. 30-21.] A notice of appeal was timely filed and served. [Doc. 30-22.]

On appeal, Smalls advised Petitioner that she was "unable to set forth any arguable basis for asserting that the determination by the PCR judge was improper" and that Petitioner had "a right to file a pro se explanation as to why [he] believe[d] the determination by the circuit court was improper." [Doc. 30-23.] On May 26, 2010, the Supreme Court of South Carolina dismissed Petitioner's appeal for failure to provide a written explanation as to why the lower court determination was improper. [Doc. 30-25.] Remittitur was issued on June 14, 2010. [Doc. 30-26.]

4

## Petition for Writ of Mandamus

On March 6, 2012, Petitioner filed a petition for writ of mandamus in the Supreme Court of South Carolina, requesting his unconditional release and arguing he was actually innocent and the State committed fraud on the court.[4]  [Doc. 30-27.]

## Petition for Writ of Habeas Corpus

Petitioner filed this Petition for writ of habeas corpus on April 30, 2012 pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner also filed an amendment to his Petition.  [Docs. 21, 26.]  Petitioner asserts five grounds for relief, quoted substantially verbatim and renumbered in order of presentation to the Court:

**Ground One:**        Illegal Seizure

*Supporting Facts:*    Record will show Plaintiff/Petitioner was kidnapped by the Newberry Police when he refused to go with police to station after the police agreed to take him to pick up his medicine at drug store after being released from hospital.  Record at trial will disclose for evidence the Petitioner was not read his rights or placed under arrest at time of abduction.

**Ground Two:**        Fraud Upon the Court

*Supporting Facts:*    Trial transcript record will show for evidence that trial judge, solicitor, and Petitioner attorney did enter into secret for purpose of a pretrial hearing for Petitioner's attorney to waive Petitioner's right to have charges against him formally arrai[g]ned because otherwise solicitor did not have evidence to prosecute the Petitioner.

**Ground Three:**      Ineffective Assistance of Counsel

---

[4]Respondent has represented that the South Carolina Supreme Court dismissed the petition for writ of mandamus on March 21, 2012 [Doc. 30 at 6]; however, Respondent failed to provide a copy of the dismissal to this Court.

| | |
|---|---|
| *Supporting Facts*: | Record for evidence show Petitioner's attorney did enter into secret with trial judge and prosecuting solicitor for purpose of a pretrial hearing to waive the Petitioner['s] right to have been formally charge[d] when he [k]new that his client was innocent because the[re] was no evidence that prove[d] his guilt. |
| **Ground Four**: | Trial counsel was ineffective for not requesting and presenting an expert witness, where the State put up a witness as it relates to "piece meal disclosure", where the State[']s "expert" testified that these are indicative of an abused child, where there [are] studies that indicate that this lessens the reliability of the testimony. |
| **Ground Five**: | Trial counsel was ineffective for not so objecting to the court[']s instructions on the law as it relates to "a victim[']s testimony need not be co[rr]oborated", where the holding of "Shcumpert" ha[s] been over ruled. |

[Docs. 1, 21, 26.]

As stated, Respondent filed a motion for summary judgment on November 2, 2012.

[Doc. 31.]  On November 26, 2012, Petitioner filed a response in opposition.  [Doc. 34.]

Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action *pro se*, which requires the Court to liberally construe

his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S.

519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978);

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less

stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under

this less stringent standard, however, the pro se petition is still subject to summary

dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court

6

can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must

7

demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

9

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653

S.E.2d 266 (S.C. 2007).[5]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme Court is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the South Carolina Supreme Court] in criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

> ### Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3) & 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v.*

*Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual

15

innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To pass through this actual innocence standard, the petitioner's case must be truly extraordinary. *Murray*, 477 U.S. at 496.

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)

16

(alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, --- U.S. ---,130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

## DISCUSSION

Respondent contends the Petition is time-barred and that Petitioner is not entitled to equitable tolling.  [Doc. 30 at 9–13.]  Petitioner appears to contend he was unaware of the one-year limitations period under the AEDPA because the prison law library "does not contain the provisions outlining 28 U.S.C. § 2241(d)(1), in its entirety."  [Doc. 34 at 2; *see also id.* at 4 ("As outlined above the prison law library failed to adequately give him 'notice' as to the AEDPA and the statute of limitation provides in part 28 U.S.C. § 2244(d)(1)(D).")]  Additionally, Petitioner contends he did not have access to an argument based on

17

*Schumpert* until the prison law library was updated.[6] [*Id.* at 3–4.]  The Court agrees with Respondent that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

The South Carolina Court of Appeals affirmed Petitioner's convictions on November 28, 2006.  [Doc. 30-10.]  Petitioner did not file for a rehearing or a writ of certiorari to seek review by the South Carolina Supreme Court.  Consequently, Petitioner had one year from December 13, 2006—when time expired for Petitioner to seek further direct review—to file a federal habeas petition.  28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); *Holland*, 130 S. Ct. at 2558; S.C. App. Ct. R. 221(a) ("Petitions for rehearing must be actually received by the appellate court no later than (15) days after the filing of the opinion, order, judgment, or decree of the court."); S.C. App. Ct. R. 242(c) ("A decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals.").

Petitioner filed his first PCR application on August 29, 2007 [App. 483–88], such that 259 days of the one-year limitations period had expired before Petitioner filed his PCR application.  The one-year period in which to file a federal habeas petition is tolled during

---

[6]In *State v. Schumpert*, 435 S.E.2d 859 (S.C. 1993), the South Carolina Supreme Court held the trial judge properly charged the jury that "'the testimony of the victim need not be corroborated in prosecutions under § 16-3-655, that being the offense of criminal sexual conduct with a minor.'"  In the decision, the Supreme Court cited to *Lottie v. State*, 406 N.E.2d 632 (1980) as supportive of the same proposition. Petitioner argues that *Lottie* was later reversed by the Indiana Supreme Court's decision in *Ludy v. State*, 784 N.E.2d 459 (2003), and, therefore *Schumpert* has been overruled, and trial counsel should have objected to the trial court's jury instruction that the victim's testimony need not be corroborated.  [Doc. 26 at 3–4.]

the pendency of a properly filed PCR application, 28 U.S.C. § 2244(d)(2), and thus, the statute of limitations was tolled during the period Petitioner's first PCR application was pending—from August 29, 2007 to December 11, 2009, when the South Carolina Court of Appeals issued remittitur following the denial of Petitioner's petition for writ of certiorari [Doc. 30-16].  Therefore, the AEDPA limitations period began to run again on December 11, 2009 and expired 106 days later on March 27, 2010.[7]  As a result, the Petition—filed on April 30, 2012, more than two years after the expiration of the limitations period—is time-barred.[8]

_____

[7]As previously stated, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).  "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 236 (2002)).

Here, although Petitioner filed a second PCR application in state court, that application was not properly filed because the state court found it was successive and untimely. [Doc. 30-21; *see also* Doc. 30-25 (dismissing appeal of Petitioner's second PCR application).]  Accordingly, the one-year period in which to file a federal habeas petition was not tolled during the pendency of Petitioner's second PCR application. Additionally, Petitioner filed a petition for writ of mandamus in the Supreme Court of South Carolina on March 6, 2012, well after the limitations period expired. [Doc. 30-27.] To the extent the state courts considered this as a PCR application, because it was filed outside the AEDPA limitations period, the petition for writ of mandamus did not toll the one-year AEDPA limitations period.

[8] Petitioner alleges the prison law library was recently updated and, until it was updated, Petitioner did not have access to a copy of the AEDPA's statute of limitations provision found at 28 U.S.C. § 2244(d)(1); therefore, Petitioner argues he was not given "notice" of the one-year time period during which he must file his federal habeas petition. [Doc. 34 at 1–3, 4.] Petitioner also argues that until the law library was updated, he did not have access to the *Schumpert* argument raised in his Amended Petition. [*Id.* at 1, 3–4.] Liberally construing Petitioner's arguments, Petitioner contends his claims are subject to 28 U.S.C. § 2244(d)(1)(D), which states that, if this date is the latest of the four options in § 2244(d)(1), the AEDPA one-year statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, the Court liberally construes Petitioner's argument to contend that, based on *Easterwood v. Champion*, 213 F.3d 1321 (10th Cir. 2003), the statute of limitations began to run when he discovered, in the prison law library, the one-year limitations period and the case law on which he bases his *Schumpert* argument.  The Court disagrees.

In *Easterwood*, petitioner Easterwood was charged with first degree murder and relied on experts at trial to argue he was insane at the time of committing the act as well as insane at the time of trial. *Easterwood*, 213 F.3d at 1322.  In response, the State presented a single expert, Dr. R.D. Garcia, who testified that, in his opinion, Easterwood was not insane at the time of the offense and was competent to stand trial.  Based on this testimony, the jury found that Easterwood was competent, convicted him of first degree

## Equitable Tolling

In addition to arguing the statute of limitations did not begin to run until the law library was updated and Petitioner gained access to 28 U.S.C. § 2241(d)(1) and *Schumpert*, Petitioner alternatively argues he is entitled to equitable tolling because he has been pursuing his rights diligently and the extraordinary circumstance of the prison law library not being updated stood in Petitioner's way, preventing him from timely filing his Petition. [Doc. 34 at 4–5.] Finally, Petitioner asserts he is actually innocent and that a claim of actual innocence survives all bars. [Doc. 34 at 8–9.] The Court disagrees.

As the United States Supreme Court has recognized:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center*

---

murder, and sentenced him to life imprisonment. *Id.* at 1323. Several years later, the Tenth Circuit Court of Appeals issued an opinion that "discussed the fact that [at the time of the petitioner's trial], Dr. R.D. Garcia was suffering 'from severe untreated bipolar disorder' which was possibly severe enough to '"impair and distort his diagnostic judgment."'" *Id.* (quoting *Williamson v. Ward*, 110 F.3d 1508, 1519 (10th Cir. 1997)). Easterwood discovered the case in the prison law library and then filed an application for leave to file a successive federal habeas corpus petition. *Id.* The Tenth Circuit granted the application and later held that § 2244(d)(1)(D) applied, explaining, "the factual predicate for Mr. Easterwood's claim (i.e. new evidence) is the mental instability of Dr. Garcia discussed in *Williamson*." *Id.* The court held that for Easterwood, who was a prisoner, the *Williamson* decision was discoverable by "due diligence" on the date the opinion became accessible in the prison law library, not the date the opinion was issued. *Id. Easterwood* is distinguishable from the instant case, however, in that Easterwood's claim relied on *facts* contained in the *Williamson* decision, whereas Petitioner does not rely on the AEDPA or *Schumpert* for any fact discussed in the statute or the decision; instead, Petitioner relies on the statute and decision as the legal basis for his claims. *See Ellis v. Jones*, 302 F. App'x 817, 819 (10th Cir. 2008) (holding *Easterwood* stands for a narrow proposition—"when the *factual* predicate for a prisoner's claim appears in case law unavailable to him, the statute of limitations is tolled until such case law becomes available"—and was distinguishable because the petitioner in *Ellis* asserted only that he was unfamiliar with the *legal* basis for his claims (emphasis in original)). Therefore, Petitioner has failed to establish that § 2244(d)(1)(D) applies.

> *v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.
> 2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted).  The United States Court of Appeals for the Fourth Circuit has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Huthinson*, 209 F.3d 325, 330 (4th Cir. 2000).[9]  The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due

---

[9] Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling"); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period"); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect" (citation omitted)).

to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client. *Holland*, 130 S. Ct. at 2564 (citations omitted). Further, as previously stated, the Supreme Court has held that in addition to demonstrating extraordinary circumstances prevented the petitioner from timely filing, the petitioner must demonstrate he has been diligently pursuing his rights. *Id.* at 2562.

Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations. *Samuels v. Cohen*, No. 9:06-3345-RBH, 2007 WL 1732118, at *7 (D.S.C. Jun. 11, 2007); *see also Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (holding that absence of the AEDPA from the prison law library for several months did not justify equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999) (refusing to toll limitations period where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that allegations that the law library was inadequate do not toll the statute of limitations). Additionally, to the extent Petitioner is claiming ignorance of the law, such ignorance likewise is insufficient to justify equitable tolling. As the Fourth Circuit has held, in the context of equitable tolling of the statute of limitations, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th

22

Cir. 2004) (citations omitted); *see also Harris*, 209 F.3d at 33–31 (holding that unfamiliarity with the legal process, lack of representation, or illiteracy are not grounds for equitable tolling).

Further, in the context of a petition time-barred under § 2244(d), the Court has doubts as to whether actual innocence provides grounds for equitable tolling or serves as an exception to the statute of limitations. While "[t]he Fourth Circuit has not expressly ruled that 'actual innocence' is an exception that permits equitable tolling[,] . . . other circuits have reasonably concluded that there is no such exception." *DiCaprio–Cuozzo v. Johnson*, 744 F. Supp. 2d 548, 559 (E.D. Va. 2010) (collecting cases that hold no actual innocence exception to the statute of limitations exists). On this basis, the Court concludes Petitioner's claim of actual innocence is not sufficient to overcome the application of the AEDPA one-year statute of limitations. Therefore, the Court recommends Respondent's motion for summary judgment be granted and the Petition be dismissed as untimely.

## <u>CONCLUSION AND RECOMMENDATION</u>

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

March 20, 2013
Greenville, South Carolina