IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John H. Garvin, | ) | |
| | ) | Civil Action No. 8:12-01165-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Willie Eagleton, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 36], regarding Willie Eagleton's ("Respondent") Motion for Summary Judgment ("Motion"), [Dkt. No. 31]. John H. Garvin ("Petitioner"), a state prisoner proceeding *pro se*, is petitioning for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. [Dkt. No. 1]. Petitioner filed objections to the Report. [Dkt. No. 38]. The Magistrate Judge's Report, [Dkt. No. 36], filed on March 20, 2013, recommends that the Motion, [Dkt. No. 31], be granted and the Petition, [Dkt. No. 1], be denied. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without reference.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or

modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Petitioner raises several objections to the Report.  [Dkt. No. 38].  First, Petitioner argues that the Magistrate Judge should not have relied on *Samuels v. Cohen*, No. 9:06-3345-RBH, 2007 WL 1732118, at *7 (D.S.C. Jun. 11, 2007), because it is an unpublished opinion.  This case was used to support the idea that alleged inadequacies of prison law libraries do not toll the statute of limitations.  [Dkt. No. 36 at 22].  Petitioner's argument is unpersuasive.  It is true that an unpublished opinion is not binding on this court; however, unpublished opinions can be relied upon for their persuasive authority.  *See, e.g., Curry v. South Carolina*, 518 F. Supp. 2d 661 (D.S.C. 2007); *Parker v. Astrue*, 664 F. Supp. 2d 544 (D.S.C. 2009); *Gleaton v. Monumental Life Ins. Co.*, 719 F. Supp. 2d 623 (D.S.C. 2010).

In addition to *Samuels*, the Magistrate Judge also referenced several published cases to support the same proposition.  [Dkt. No. 36 at 22].  Petitioner objects that these cases are "off point."  [Dkt. No. 38 at 2].  After review of these cases, the court finds that they support the proposition that Petitioner's circumstances did not warrant the tolling of the statute of limitations.  Petitioner also notes that courts have distinguished between the denial of successive and initial applications for the Writ of Habeas Corpus.  *Id.*  Relying on *Miller v. Marr*, 141 F.3d 976, 978 (D.S.C. 1998), Petitioner claims that since this is his first application for the Writ of Habeas Corpus, he should not be denied the "protections of the Great Writ entirely."  While the dismissal of the first federal habeas petition is a "particularly serious matter," federal courts have still given "clear deference to the rules that Congress has fashioned concerning habeas."  *Id.*  In fact, in *Miller*, the petition for habeas corpus was denied despite the fact that it was the initial application for the writ.  *Id.* at 977.

2

Petitioner next objects that the Magistrate Judge failed to recognize that 28 U.S.C. § 2244(d) is not a jurisdictional bar but a statute of limitations subject to tolling. [Dkt. No. 38 at 2]. Contrary to Petitioner's belief, the Magistrate Judge did recognize that § 2244(d) is subject to equitable tolling. [Dkt. No. 36 at 20]. The Magistrate Judge simply decided that Petitioner's circumstances did not warrant any equitable tolling. *Id.* The court agrees.

Petitioner also argues that the Magistrate Judge erred when she distinguished the instant matter from *Easterwood v. Champion*, 213 F.3d 1321 (10th Cir. 2003). [Dkt. No. 38 at 3]. Petitioner believes that *Easterwood* required that the statute of limitations be tolled until *State v. Schumpert*[1], 435 S.E.2d 859 (S.C. 1993), became available to him in the prison library. However, the Magistrate Judge accurately noted that *Easterwood* stands for a "narrow proposition: when the *factual* predicate for a prisoner's claim appears in case law unavailable to him, the statute of limitations is tolled until such case law becomes available." *Ellis v. Jones*, 302 F. App'x 817, 819 (10th Cir. 2008) (emphasis in the original). There is no new factual predicate here.

Further, Petitioner's argument that the trial counsel was ineffective for not objecting to the jury instruction (see n.1) would fail regardless. In order to sustain this argument, Petitioner would have to show that "his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial." *U.S. v. Parker*, 38 F. App'x 138, 139 (4th Cir. 2002). He must show that there was a reasonable probability, that but for this error, the result of the proceeding would have been different. *Williams v. French*, 146

---

[1] Petitioner relies on *Schumpert* to make an ineffective assistance of counsel argument. [Dkt. No. 34 at 3-4]. In *Schumpert*, the South Carolina Supreme Court held that the jury instruction, "the testimony of the victim need not be corroborated in prosecutions under § 16–3–655, that being the offense of criminal sexual conduct with a minor," was correct as given. 435 S.E.2d at 863. In the case, the court cited *Lottie v. State*, 406 N.E.2d 632 (1980), an Indiana case, as being in accord with the same proposition. *Id.* Petitioner argues that because *Lottie* was overturned prior to Petitioner's trial date, *Schumpert* was no longer good law, and trial counsel was ineffective for not objecting to the jury instruction drawn from *Schumpert*.

3

F.3d 203 (4th Cir. 1998).  Even assuming Petitioner's counsel was deficient, he cannot show that this deficiency was prejudicial.  Although *Lottie v. State* was overturned in 2003 (see n.1), *Schumpert* was good law at the time of Petitioner's trial in 2004.  In fact, despite the passage of ten years since *Lottie* was overturned, *Schumpert* is still good law in the state of South Carolina.  Therefore, Petitioner cannot show that there was a reasonable probability that if his counsel had objected to the jury instructions, the outcome of the trial would have been different.

Finally, the court construes Petitioner as arguing that the Magistrate Judge improperly rejected his claim that his actual innocence should have granted an exception to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations for filing a petition for habeas corpus.  The court disagrees.  It appears that the Magistrate Judge rejected Petitioner's argument because she believed there was no actual innocence exception to the one-year AEDPA statute of limitations.  [Dkt. No. 36 at 23].  As such, she did not consider whether Petitioner had shown actual innocence or not.  However, even when accepting that there is an actual innocence exception, Petitioner's argument still fails.  The actual innocence exception serves as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Schlup v. Delo*, 513 U.S. 298, 315 (1995).  This exception only applies when there is new evidence that shows "it is more likely than not that 'no reasonable juror' would have convicted [the petitioner]."  *Id.* at 320.  However, in his Objection to the Report, [Dkt. No. 38], Petitioner does not point out any new evidence that would have satisfied this demanding standard.  Rather, he reiterates his arguments that counsel was ineffective and that evidence of the victim's negative attention seeking behavior should have been allowed in.  *Id.* at 4-5.  Similarly, while arguing his actual innocence in the Response, [Dkt. No. 34 at 8], Petitioner pointed out evidence of semen stains on the victim's sheets, besides his own, which

4

had already been considered.  In addition, he filed the Petition several years late. *See Mcquiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (noting that untimeliness bears on the credibility of evidence proffered to show actual innocence).  As such, the court finds that Petitioner has made no showing of actual innocence that would allow the consideration of his otherwise time-barred claims.  *See id.*

Petitioner's remaining objections are merely restatements of his original claims, in which he argues that *Schumpert* was not good law; that the jury charge was incorrect; that counsel was ineffective; that evidence of victim's negative attention seeking behavior should have been allowed in; and that he did not have notice of AEDPA and the statute of limitations.  As the Magistrate Judge correctly pointed out, these arguments do not warrant granting the Writ of Habeas Corpus in this case.

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **DENIES** the Petition.

## Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529

U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a Certificate of Appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 23, 2013
Greenville, South Carolina